IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00975-BL |
| | ) | |
| MEDTRONIC, PLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Mark Knox initiated this action on December 11, 2025, (doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (doc. 2). On December 29, 2025, the Magistrate Judge recommended that the court dismiss Counts II, III, and IV as being time-barred; dismiss Count V for failure to state a claim; and dismiss Count I pursuant to 28 U.S.C. § 1367(c). Knox filed objections to the Magistrate Judge's conclusions on Counts I and V (doc. 9) accompanied by a motion for leave to file the objections out of time (doc. 8).

A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's

1

obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Upon consideration of the Recommendation of the Magistrate Judge and after careful review of the file, the court will adopt the Recommendation and dismiss this action.

The court hereby **GRANTS** Knox's Motion to Accept Objections (out of time). (Doc. 8). In that filing, Knox expressly agrees that Counts II, III, and IV were filed out of time, and moves to dismiss those counts. (Doc. 8). The court finds that Counts II, III and IV are time barred and will adopt the Magistrate Judge's recommendation to dismiss them with prejudice as amendment would be futile. As to Counts I and V, Knox simply states: "These claims are timely, are grounded in the intentional torts committed by Defendant's employee, and fall within the six-year limitations period for intentional assault and battery actions." (Doc. 8). The court will overrule the objection.

As to Count V ("Vicarious Liability / Respondeat Superior"), the Magistrate Judge correctly notes that although Alabama state law permits tort liability to be

2

imposed vicariously in certain circumstances, an underlying tort must be alleged. Vicarious liability is not an independent cause of action recognized under Alabama law. *See, e.g.*, *Ex parte City of Birmingham*, No. SC-2024-0700, 2025 WL 2680098, at *2 n.1 (Ala. Sept. 19, 2025) (explaining that "the doctrine of 'respondeat superior' is a theory of liability, not a legal claim") (citations omitted).  After the dismissal of Knox's underlying claims, he cannot proceed on his vicarious liability theory.

The court exercised supplemental jurisdiction over Count I ("Assault and Battery") under 28 U.S.C. § 1367(a), based on the federal question presented by Knox's § 1985 claim in Count IV.  The court agrees with the Magistrate Judge's finding that because Knox's sole federal claim is due to be dismissed, further exercise of supplemental jurisdiction should be declined.  *See* 28 U.S.C. §1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *see also Moore v. City of Dothan Ala.*, 557 F. Supp. 3d 1211, 1217 (M.D. Ala. 2021) ("Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss any remaining state-law claims.") (citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004), and identifying factors for consideration).

After careful review of the file and upon consideration of the Recommendation of the Magistrate Judge, the court **OVERRULES** the Plaintiff's

objections (doc. 9); **ADOPTS** the Recommendation of the Magistrate Judge (doc. 7); **DISMISSES** Count I without prejudice, subject to being refiled in state court; and **DISMISSES** Counts II, III, IV, and V with prejudice.

The court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 10th day of April, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE